UNITED STATES DISTRICT COURT        C/M
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
STEPHEN BROWN,

                         **MEMORANDUM DECISION AND**
          Plaintiff,      **ORDER**

       - against -            19-CV-6767 (BMC) (LB)

BANK OF AMERICA, OCWEN and
unknown lenders, MARY BETH MALLOY,
and STEVEN LAZAR,

          Defendants.
---------------------------------------------------------X

**COGAN**, District Judge.

    Plaintiff Stephen Brown filed the above-captioned *pro se* civil action. For the reasons that follow, plaintiff's complaint is dismissed.

### BACKGROUND

    Plaintiff filed this action by way of a form complaint, checking off boxes labeled "Federal question" and "Diversity of citizenship" in alleging this Court's subject matter jurisdiction. Plaintiff is a citizen of New York State and alleges the defendants' citizenships as follows: Bank of America, North Carolina; Ocwen [Financial Corporation], Florida; Steven Lazar, New York; and Marybeth Malloy, New York.

    The only factual allegations in the complaint are set out in a single paragraph under the "Statement of Claim" section:

> The defendants gave me an illegaled [sic] property and foreclosed against me without notice. They concealed the real description of the property from the courts and had me evicted illegally. I am currently sending over $5,000 a month to live and rent another space.

According to plaintiff, these allegations state claims under the Equal Credit Opportunity Act, Fair Housing Act, and Fair Debt Collection Practices Act. Plaintiff seeks the return of his property as well as punitive damages.

**DISCUSSION**

*Pro se* complaints are "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). However, the Court must dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3). Federal subject matter jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when plaintiffs and defendants have complete diversity of citizenship and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332. "Federal question jurisdiction may be properly invoked only if the plaintiff's complaint necessarily draws into question the interpretation or application of federal law." New York v. White, 528 F.2d 336, 338 (2d Cir. 1975).

As the party invoking federal jurisdiction, plaintiff "bears the burden of establishing that jurisdiction exists." See Conyers v. Rossides, 558 F.3d 137, 143 (2d Cir. 2009) (internal citation and quotation marks omitted). "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700-01 (2d Cir. 2000).

Even with the lenient pleading standards afforded *pro se* plaintiffs, the Court does not perceive a claim under the Equal Credit Opportunity Act, Fair Housing Act, Fair Debt Collection Practices Act, or any other federal statute. Rather, the allegations loosely amount to claims for wrongful foreclosure and eviction, and perhaps for failure to disclose property defects to a home

2

buyer.  These matters fall squarely under the province of state law.  See Hussian v. U.S. Bank Nat'l Ass'n, No. 18-cv-3250 (RRM), 2018 WL 2744725, at *2 (E.D.N.Y. June 7, 2018) ("It is well settled that judgments of foreclosure are fundamentally matters of state law."); Galland v. Margules, No. 05-cv-5639, 2005 WL 1981568, at *1 (S.D.N.Y. Aug. 17, 2005) ("[F]ederal courts do not have federal question subject matter jurisdiction over state residential landlord-tenant matters."); N.Y. R.P.L. § 462.

Furthermore, plaintiff fails to establish this Court's jurisdiction under the federal diversity statute.  See 28. U.S.C. § 1332.  In order to maintain a lawsuit under this statute, plaintiff must be a citizen of state different from those of all defendants.  See Raymond Loubier Irrevocable Trust v. Loubier, 858 F.3d 719, 725 (2d Cir. 2017).  Here, plaintiff is a New York citizen suing at least two other New York citizens, precluding complete diversity between plaintiff and defendants.  Additionally, plaintiff neither alleges nor sets forth facts tending to show that the amount in controversy exceeds the sum or value of $75,000, as required by 28 U.S.C. § 1332.  The only dollar amount discussed is the monthly $5,000 rent payments plaintiff has made since being evicted on an undisclosed date.

## CONCLUSION

For the reasons set forth above, the action is dismissed for lack of subject matter jurisdiction.  Because of his *pro se* status, plaintiff will be given the opportunity to file an amended complaint invoking this Court's subject matter jurisdiction, which must be labeled "Amended Complaint" and include the index number of this case (19-cv-6767).  This amended complaint will completely replace plaintiff's original complaint.

Plaintiff has 20 days from the date of this Order in which to file an amended complaint consistent with the terms of this Order. If plaintiff fails to comply with this Order within the time allowed, judgment shall be entered against him.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
December 5, 2019